RECEIVED

NOV 15 2019

TONY R. MOORE, CLERK
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT, LOUISIANA
BY_____

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF LOUISIANA

DANIEL WAYNE COLLINS,

    PETITIONER;

V.                CASE NO.: 2:19-cv-1486 SEC P

RODNEY MYERS (WARDEN),

    RESPONDENT.

MEMORANDUM INSUPPORT OF PETITION FOR A
WRIT OF HABEAS CORPUS UNDER 28 U.S.C. § 2241

COMES NOW, DANIEL WAYNE COLLINS, PRO SE, to petition this Honorable Court to
for the extra seven days of good time per year as required under the First
Step Act of 2018 section 102(b)(1). As this is a challenge to the execution of
a sentence, how good time is calculated, rather than to the sentence's validity,
section 2241 is properly invoked, Wilkinson v. Dotson, 544 US 74, 79 (2005).
As I am a pro se litigant, my motion is to be liberally construed along any avenue
providing relief, Estelle v. Gamble, 429 US 97, 106 (1976).

FACTUAL BACKGROUND

In the First Step Act of 2018, section 102(b)(1)(A), Congress amended 18 USC
section 3624(h):

(i) by striking "beyond the time served of up to 54 good days at the end
of each year of the prisoner's term of imprisonment, beginning at the end of
the first year of the term," and inserting, "of up to 54 days for each year
of the prisoner's sentence imposed by the court,"; and

(ii) by striking, "credit for the last year or portion of a year of the
term of imprisonment shall be prorated and credited within the last six weeks
of the sentence" and inserting, "credit for the last year of a  term of
imprisonment shall be credited on the first day of the last year of the term
of imprisonment".

This alteration was done to stop the strange method of calculation that the BOP

-1-

employed, effectively leaving the average inmate with 47, rather than 54, good time days each year. Congress made clear that this change was to be implemented immediately.

Despite this, the BOP has seized on the placement of this provision to argue that it need not be implemented until the Attorney General has finished the creation of the risk assessment 210 days after the signing of the First Step Act, which has no bearing upon the seven extra days being calculated because they already have that system in place to calculate time.

I am currently serving a term of 228 months (19 years), and am scheduled to be released on August 2, 2021, without any halfway house or home confinement. If the BOP drags my award of this 135 days good time, I would miss out on the full benefit of the halfway house and home confinement I am eligible for and need. The 135 days good time would change my projected release date to March 22, 2021 and then if I am granted my request of 1 year halfway house and 6 months Home Confinement, I would have left one month ago.

Therefore, I am coming to this Honorable Court, not having enough time to go through the Administrative Remedy process, to Order the BOP to award my 135 days Good Time so I may be placed in the Halfway House Immediately to begin my successful reentry to society.

EXHAUSTION OF REMEDIES

While exhaustion of remedies is usually necessary before seeking recourse, it is not necessary if the matter involves only a question of law, Weinbarger v. Salfi, 422 US 749, 800 (1975). Here the BOP has created a general policy contrary to law, and the purpose of exhaustion will not be served, Wilson v. Layne, 526 US 603, 617 (1999). Those, like myself, who are affected by the delay, do not have enough time to litigate fully, and those who have time to go through the process can simply await the delay. This is a problem that will

-2-

repeat, affecting numerous inmates, yet evading review, FEC v. Wis Right to
Life, Inc., 552 US 449, 462 (2007).

ARGUMENT

According to a memorandum from the BOP:

> Section 102(b)(2) of the law states "Effective Date. -The amendments made
> by this subsection shall take effect beginning on the date that the Attorney
> General completes and releases the risk and needs assessment system under
> subchapter D of chapter 229 of Title 18, United States Code, as added by
> section 101(a) of this Act."

While this date does exist in the law, (b)(1)(A) contains its own instruction,
modifying an existing, standing requirement for the BOP's duty to calculate
each offender's good time. The BOP's current interpretation of this law
essentially nullifies the entire first clause for any offender who will be
released before the BOP creates this new system. While the new law is not a
model of perfect drafting, the presence of two different time frames for two
different programs speaks strongly against the interpretation afforded the new
law by the BOP. It is generally presumed that when Congress uses different
language in different sections, this means that these sections are to be
interpreted differently, Loughrin v. United States, 134 S.Ct. 2384, 2390 (2014).
The recalculation of good time is a purely ministerial task which the BOP was
already engaging in long before the new law took effect. This only affected
how they calculated it, and it is clearly, by its plain language, to be applied
immediately; the BOP hclearly still has to calculate good time under 18 USC
section 3624(b). Unlike section (g) of the First Step Act of 2018, which is
created from scratch, and, thus, needs time to be implemented, section (b) of
the act should only require a small modification to an existing computer program.
Since it is not connected to the recidivism reducing program, there is clearly
no need to wait to implement it.

-3-

Worse, this renders a portion of the law to be surplusage, at least temporarily, which courts are to avoid, if at all possible, Regions Hospital v. Shalala, 522 US 448, 467 (1998).

All of this speaks against the BOP's current policy. Congress' intent is clear, and the BOP is to follow it, Chevron USA, Inc v. Natural Res Def Council, 467 US 837, 842-43 & n9 (1984). Even were we to pretend that this is the actual reading of the law, applying it to its terms leads to a result contrary to the intent of Congress, and thus must be avoided, Edward J. DeBartolo Corp V. Florida Gulf Coast Building & Constr. Trades Council, 485 US 568, 575 (1988). If there were any doubt about this, the expressions of disbelief and confusion among members of Congress intended to correct the longstanding refusal to credit inmates with the full amount of good time we are entitled to, not to give a license to continue to refuse to do what Congress has instructed them to do.

CONCLUSION

Based on this, I respectfully request this Honorable Court to order the BOP to credit the extra 135 days the law requires.

I Daniel Wayne Collins, declare under penalty of perjury that the foregoing is correct and accurate to the best of my ability.

CERTIFICATE OF SERVICE

I, Daniel Wayne Collins, certify that today October 24, 2019, this Memorandum in Support of Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241 was handed to my Unit Team along with the $5 filing fee Request for Withdrawal of Inmate's Personal Funds, in a legal envelope bearing sufficient postage to be mailed subsequent a cashier's check being placed inside to the Clerk of the Court at the following address:

    Clerk of Court
    30C Fannin Street
    Shreveport, LA 71101

Daniel W. Collins, pro se

-4-